**State of Minnesota**                                   **District Court**

| County | | Judicial District: | Fourth |
|---|---|---|---|
| Hennepin | | Court File Number: | Pending |
| | | Case Type: | Civil |

Blake T. Madgett

_____

_____

_____
                         Plaintiff(s)                    **Summons**

vs.

Audit Systems, Inc.

_____

_____
                         Defendant(s)

THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to serve upon Plaintiff or his Attorney an answer to the complaint which is herewith served upon you within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so judgment by default will be taken against you for the relief demanded in the complaint.

Rule 114 of the Minnesota General Rules of Practice provides for use of alternative dispute resolution ("ADR") in most cases. Notice of ADR processes will be provided by the Court Administrator after this action is filed.

_____
Plaintiff's Signature
David J. Madgett, Attorney for Plaintiff
Print Name
215 Barry Ave. S. Suite 115
Address
Wayzata, MN 55391
City/State/Zip
612-419-0589
Telephone


EXHIBIT
A

STATE OF MINNESOTA
COUNTY OF HENNEPIN

FOURTH JUDICIAL DISTRICT
DISTRICT COURT
CASE TYPE
FILE NUMBER

Blake T. Madgett
PLAINTIFF

VS.

COMPLAINT

Audit Systems, Inc.
DEFENDANT

Demand for Jury Trial

Yes _____ No _____

## COMPLAINT

PLAINTIFF, as and for his causes of action, harassment, violation of the Fair Debt Collection Practices Act, violation of the Telephone Consumer Protection Act, against the above-named defendant states and alleges as follows:

### Introduction:

The following case alleges prolonged harassment by a debt collection company. On an ongoing basis defendant collection agency used an automatic telephone dialing system (the "Autodialing System") to repeatedly call and harass Mr. Madgett on his personal cell phone. Use of the



1

Autodialing System caused long delays before a human
representative was available.  Moreover, once human contact
was made, the employees representing Audit Systems were
uninformed on the alleged debts and unwilling or unable to
verify the authenticity or calculation of the alleged debt.
Despite requests for verification, and notification that
they were calling a cellular telephone, and thus causing
Plaintiff usage charges, the calls continued.  Accordingly,
Plaintiff commenced this action.

### Statement of Jurisdiction

1.     This Court has Jurisdiction over the subject matter of
this action pursuant to Minn. Stat. §484.01, the Fair Debt
Collection Practices Act ("FDCPA"), 15 U.S.C. §1692(d), and
the Consumer Telephone Protection Act ("TCPA"), 47 U.S.C.
§1692(k)(d).

### Venue

2.     Venue is proper pursuant to Minn. Stat. §542.09
because the events giving rise to Plaintiff's causes of
action against Defendant occurred within the State of
Minnesota and the County of Hennepin.

2

## Parties and Location of Tort:

3.     Plaintiff, Blake T. Madgett, is an adult resident of
Hennepin County, Minnesota and resides at 3375 Hunter
Drive, Medina, MN 55340.

4.     Defendant Audit Systems, Inc. (hereinafter Audit
Systems) is a foreign corporation.

5.     Plaintiff is informed and believes, and thereon
alleges, that at all times relevant Defendant conducted
business in the State of Minnesota and in the County of
Hennepin.

6.     Defendant is registered to do business in the state of
Minnesota under the name Audit Systems, Inc.

7.     The location of the tort occurred primarily at
Plaintiff's home residence located at 3375 Hunter Drive,
Medina, MN 55340 in Hennepin County.

## Facts

Facts most relevant to FDCPA claim:

8.     Plaintiff is, and at all times mentioned herein was, a
"consumer" as defined by 15 U.S.C. §1692(a)(3).

3

9.    Defendant is, and at all times mentioned herein was, a "debt collector" as defined in 15 U.S.C. §1692(a)(6).

10.   Defendant called Plaintiff's cell phone at least 50 times between 11/6/09 and 12/4/09.

11.   Phone records show that between 11/6/09 and 12/4/09, there were 12 connected calls to Plaintiff's personal cell phone originating from 1-866-761-2178, a number registered to Defendant.

12.   During at least some of these calls Plaintiff told Defendant to stop calling Plaintiff on his cell phone.

13.   On one day alone, 12/2/09, phone records show three connected phone calls to Plaintiff's cell phone.

14.   Three connected calls in one day is per se harassment of debtor.

15.   On other occasions, Defendant called as many as five times in one day.

16.   Often Defendant's calls were continuous in that the Autodialing System would ring until it reached voicemail, disconnect, and then immediately call again.

17.   Plaintiff is informed and believes, and thereon alleges, that Defendant knowingly harassed Plaintiff with excessive phone calls in an attempt to collect the alleged debt.

4

18.   On several occasions, Plaintiff waited on his cell phone for a human representative after the Defendant autodialed him.

19.   During some calls Plaintiff inquired as to the nature of the alleged debt;

20.   Defendant was unable or unwilling to validate or to provide any basic accounting of how the alleged debt was calculated.

21.   At no time after Plaintiff requested verification of the debt did the Defendant mail proof or otherwise contact plaintiff to validate the alleged debt.

22.   Upon initial oral communication, Audit Systems failed to state the required disclosures outlined in 15 U.S.C. §§1692(g)(a)(3)-(5);

23.   Audit Systems similarly failed to provide written notice of this disclosure within 5 days as required in 15 U.S.C. §1692(g)(a).

24.   At some time between 11/6/09 and 12/4/09, Plaintiff informed Defendant's representative that Plaintiff was represented by an attorney;

25.   Defendant made no attempt to contact the attorney and instead continued to contact Plaintiff directly after being notified an attorney represented Plaintiff.

26.   On 12/4/09, Plaintiff's attorney called Defendant in
presence of Plaintiff;

27.   Upon being asked to speak with Defendant's legal
department, Defendant's representatives hung up on the
attorney in two consecutive calls with two different
representatives.

28.   Such behavior evidences, and Plaintiff hereby alleges,
systematic, company wide policies condoning flagrant
violations of the FDCPA.

29.   These calls constitute "communications" as defined by
15 U.S.C. §1692(a)(2).

30.   Although a business checking account may have been
used to incur the disputed charges, the alleged debt owed
by Plaintiff is the result of purchases for personal use,
and thus it is a "debt" as defined by 15 U.S.C. §
1692(a)(5).

31.   Such personal purchases on a Wells Fargo business
account are allowed by the account agreement.


Facts most important for TCPA claim:

32.   Plaintiff is, and at all times mentioned herein was, a
"person" as defined by 47 U.S.C. §153(10).

6

33.  Defendant is, and at all times mentioned herein was, a corporation and a "person" as defined by 47 U.S.C. §153(10).

34.  Plaintiff is informed and believes, and thereon alleges, that on multiple occasions over numerous days, all prior to the date this Complaint was filed, Defendant contacted Plaintiff on Plaintiff's cellular telephone via an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

35.  Plaintiff is informed and believes, and thereon alleges, that during these telephone calls Defendant used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. §227(b)(1)(A).

36.  Plaintiff is informed and believes, and thereon alleges, that the telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

37.  Plaintiff is informed and believes, and thereon alleges, that these telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

38.  Plaintiff is informed and believes, and thereon alleges, that Plaintiff did not provide express consent to

7

receive calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. §227(b)(1)(A).

39.  Defendant placed or caused to be placed these telephone calls in violation of 47 U.S.C. §227(b)(1).

### Specific Claims

Count I – Violation of Fair Debt Collection Practices Act

15 U.S.C. §§1692-1692(p)

40.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41.  Audit Systems' continuous or repeated calling is per se harassment under 15 U.S.C. §1692(d)(5).

42.  Audit Systems' excessive calling is harassment under 15 U.S.C. §1692(d) generally.

43.  Audit Systems' failure to send written Notice of Debt after failing to provide the proper disclosures in the initial communication is a violation of 15 U.S.C. §1692(g)(a).

44.  Audit Systems' refusal to identify their company legal department or to disclose they do not have one while stating they are transferring the call to that department is a violation of 15 U.S.C. §1692(e) generally.

8

45.   The forgoing acts of Defendant constitute numerous violations of the FDCPA, specifically flagrant and repeated violations of §1692(d)(5), §1692(g)(a), and §1692(e) generally.

46.   As a result of these violations Plaintiff is entitled to actual damages sustained under 15 U.S.C. §1692k(a)(1), and up to $1000 in additional damages 15 U.S.C. §1692(k)(a)(2).

47.   Plaintiff incurred loss of business reputation, as a direct result of Defendant's FDCPA violations.

48.   Plaintiff incurred emotional distress, as a direct result of Defendant's FDCPA violations and continual harassment.

49.   Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.


Count II- Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. §227 Et Seq.


50.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51.   The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of

9

the TCPA, including but not limited to each and every one
of the above-cited provisions of 47 U.S.C. §227 et seq.

52.   As a result of Defendant's negligent violations of 47
U.S.C. §227 et seq., Plaintiff is entitled to an award of
$500.00 in statutory damages, for each and every violation,
pursuant to 47 U.S.C. § 227(b)(3)(B).

53.   Plaintiff is also entitled to seek injunctive relief
prohibiting such conduct in the future.


   Count III - Knowing and/or Willful Violations of the
   Telephone Consumer Protection Act 47 U.S.C. §227 Et Seq.


54.   Plaintiff incorporates by reference all of the above
paragraphs of this Complaint as though fully stated herein.

55.   The foregoing acts and omissions of Defendant
constitute numerous and multiple knowing and/or willful
violations of the TCPA, including but not limited to each
and every one of the above-cited provisions of 47 U.S.C.
§227 et seq.

56.   As a result of Defendant's knowing and/ or willful
violations of 47 U.S.C. §227 et seq., Plaintiff is entitled
to treble damages, as provided by statute, up to $1,500.00,

                                                          10

for each and every violation, pursuant to 47 U.S.C.
§227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

57.   Plaintiff is also entitled to and seeks injunctive
relief prohibiting such conduct in the future.


### Relief


WHEREFORE, Plaintiff respectfully asks for judgment against
defendant in an amount greater than $50,000, itemized as
follows:

1. As to count 1, Violation of the FDCPA, we ask that the
   Court award $1000.00 in statutory damages, $30,000 for
   loss of business reputation, $50,000 for emotional
   distress, and injunctive relief prohibiting such
   conduct in the future.

2. As to Count 2, negligent violation of The TCPA, we ask
   that the Court award $500 for each phone call made,
   amounting to $25,000 total.

3. As to Count 3, Knowing and/or Willful violations of the
   TCPA, we ask that the Court award $1500 for each phone
   call made, amounting to $75,000 total.

4. We ask that the Court award costs and attorneys fees.

11

5. We ask that the Court award any other just and equitable compensation to which the Plaintiff may be entitled.


Dated: January 12, 2010                     Respectfully Submitted,


                                            David J. Madgett
                                            MADGETT LAW
                                            Atty. Reg. No. 0390494
                                            215 Barry Ave. S. Suite 115
                                            Wayzata, MN 55391
                                            (612) 419-0589

                                            ATTORNEY FOR PLAINTIFF
                                            Blake T. Madgett


12

VERIFICATION AND ACKNOWLEDGEMENT

A. I have read this document. To the best of my knowledge, information the information, contained in the document is well grounded in fact and is warranted by existing law.

B. I have not been determined by any court in Minnesota or in any other State to be a frivolous litigant or subject to an Order precluding me from serving and filing this document.

C. I am not serving or filing this document for any improper purpose, such as to harass the other party or to cause delay or needless increase in the cost of litigation or to commit a fraud on the Court.

D. I understand that if I am not telling the truth or if I am misleading the court or if I am serving of filing this document for any improper purpose, the court can order me to pay money to the other party, including reasonable expenses incurred by the other party because of the serving of filing of this document such as court costs, and reasonable attorneys fees.

Blake T. madgett
PLAINTIFF

ADDRESS
3375 hunter Drive
Medina MN 55347

TELEPHONE 612 - 481- 1985


SUBSCRIBED AND SWORN TO BEFORE ME
THIS ___2___ DAY OF __January__ ,2010

NOTARY PUBLIC/COURT CLERK

MY COMMISSION EXPIRES 1/31/2014



DAVID J. MADGETT
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2014

**BASSFORD**

**Michael A. Klutho**
*Attorney*
MSBA Board Certified Civil Trial Specialist
612.376.1619

mklutho@bassford.com

BASSFORD REMELE
*A Professional Association*
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402-3707

612.333.3000
612.333.8829 fax
www.bassford.com

January 29, 2010

Richard D. Sletten, Clerk of Court
**United States District Court**
U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Re:     *Blake T. Madgett v Audit Systems, Inc..*
        Our File No. 5581-3

Dear Mr. Sletten:

Enclosed for filing in the above-referenced matter, please find the following:

1.     Civil Cover Sheet;
2.     Notice of Removal by Defendant;
3.     Copy of Notice of Filing Removal;
4.     Answer;
5.     Defendant's Corporate Disclosure; and
6.     Our firm check in the amount of $350.00 for filing fees.

By copy of this letter, we are serving a copy of same upon opposing counsel as indicated by the enclosed Affidavit of Service.

Very truly yours,

Michael A. Klutho
for
**BASSFORD REMELE, A Professional Association**

MAK/msa
Enclosures
cc(w/enclosures):     David J. Madgett

*A Full Service Litigation Firm*

STATE OF MINNESOTA  )
                    ) ss.
COUNTY OF HENNEPIN  )

Service of the attached was made on **JANUARY 29, 2010** upon the attorney(s) named below by mailing to him/her (them) a copy to his/her (their) last known address by the undersigned on behalf of BASSFORD REMELE, A Professional Association, as attorney of record in the said action.

**Service of:**

Civil Cover Sheet, Notice of Removal by Defendant, Notice of Filing Removal, Answer, Defendant's Corporate Disclosure Statement, and Certificate of Representation and Parties

**Attorney(s) Served:**

David J. Madgett
**Madgett Law**
215 Barry Avenue South, Suite 115
Wayzata, MN  55391

Subscribed and sworn to before me
this 29th day of January, 2010.

Notary Public

CARRIE L. HUND
Notary Public-Minnesota
My Commission Expires Jan 31, 2015